Jasen, J.
(dissenting). I dissent and vote to reverse the order of the Appellate Division and dismiss the first cause of action on the ground that the courts of this State lack the necessary subject matter jurisdiction and may not, therefore, entertain the action.
*929 Plaintiffs are nonunion laborers and mechanics who were employed by defendant Mayfair Construction Corp. at various times between August 29, 1962 and May 6, 1964. They had been hired to work on certain construction projects in Manhattan which were financed under the National Housing Act by a building loan insured by the Federal Housing Administration (hereinafter "FHA”). Their complaint in this action alleged two causes of action; only the first of those causes is before us on this appeal. This cause of action is bottomed on the Federal statutory provision which requires that laborers and mechanics employed on construction projects involving Federal loan insurance be paid not less than the wages prevailing in the locality for the corresponding classes of laborers and mechanics, as determined by the Secretary of Labor. (US Code, tit 12, § 1715c, subd [a].) Plaintiffs allege that they were paid less than the applicable prevailing wage, and seek to recover the difference.
The relevant factual background of this controversy is set out in neither the Appellate Division opinion nor the memorandum of this court in which a majority of my colleagues concur. In early 1964, the FHA reviewed Mayfair’s payroll and determined that none of the plaintiffs had been paid the appropriate prevailing wage. Plaintiffs concede that this review was made after some of them had made complaints to FHA ■ representatives. As a result of this investigation, the commissioner ordered that appropriate restitution be made to the employees. These payments were made by Mayfair’s checks dated May 5, 1964, which, in accordance with FHA procedure, were sent to the FHA, which in turn mailed the checks to the individual employees, together with a letter of transmittal. These form letters read as follows:
"Enclosed is a check in the amount of_drawn payable to you by your employer at the above named project. The sum represents a reimbursement to you of wages inasmuch as payroll records prepared by your employer indicated that you were paid at an hourly rate less than the rate established for this project by the Secretary of Labor.
"This Administration has been in charge of the examination of payroll records for this project and has determined that the check in the amount stated is proper compensation for your work.”
All of these checks were promptly cashed. Thereafter, for reasons not explained in the record, nine of the plaintiffs *930 received additional checks, dated August 24, 1964, accompanied by the same FHA form letter of transmittal. However, on the reverse side of each of these checks, the following indorsement was printed: "The undersigned acknowledges and agrees that the acceptance of this check constitutes payment in full and a complete and general release of all claims against Mayfair Construction Corp.” These checks likewise were accepted and cashed promptly.
Under regulations promulgated by the Secretary of Labor, "[t]he Agency Head may, in appropriate cases where violations of * * * the applicable statutes listed in § 5.1 resulting in underpayment of wages to employees are found to be nonwillful, order that restitution be made to such employees.” (29 CFR 5.10 [a], 29 Fed Reg 103 [1964].) Those regulations list the National Housing Act as one of the statutes to which this regulation applies. (29 CFR 5.1 [a], 29 Fed Reg 99 [1964].) Thus, the FHA Commissioner was clearly empowered to act as he did here. Indeed, plaintiffs do not contend otherwise.
Not fully satisfied with this determination by the FHA, the plaintiffs commenced this action on May 11, 1964, less than one week after the first set of checks were sent out. After answering the complaint and asserting certain affirmative defenses, Mayfair moved for an order dismissing the complaint upon the grounds, inter alia, that the court did not have subject matter jurisdiction and that the complaint failed to state a cause of action. (CPLR 3211, subd [a], pars 2, 7.) Supreme Court granted this motion only as to the first cause of action. Its rationale was that the National Housing Act did not give aggrieved employees the right to maintain a private action. The Appellate Division reversed, on the law, and denied defendant’s motion to dismiss the first cause of action. It reasoned that the right of aggrieved employees to maintain a private suit was implied, relying on Filardo v Foley Bros. (297 NY 217, revd on other grounds 336 US 281). That same court granted Mayfair’s motion for leave to appeal, certifying for our review the following question: "Is the First Cause of Action pleaded in the Complaint dismissable as a matter of law?”
The courts of this State have long recognized the rule that our State courts have no power to revise or review official acts performed by Federal officials acting under authority of acts of Congress and regulations promulgated Under such laws. For example, Matter of Armand Schmoll, Inc. v Federal Reserve *931 Bank of N. Y. (286 NY 503) was a case in which an importer claimed that the Federal Reserve Bank had failed to determine the "buying rate for cable transfers” in a manner directed by Federal statute, and commenced an article 78 proceeding to compel the Federal Reserve Bank to make its determination in the manner provided by law. In affirming a dismissal of the petition on the ground that there was no subject matter jurisdiction, Chief Judge Lehman, writing for the court, acknowledged that many cases could be cited to "sustain the power of a state court acting within the field of its allotted jurisdiction, to enforce rights created by federal statute and to remedy wrongs committed by federal officers under color of authority granted by federal statutes” but observed that "[n]o case has been cited which holds that a state court may go outside that field and control the manner in which a federal agency performs or attempts to perform its functions and duties under the Tariff Act or other federal statute where the Federal government has exclusive jurisdiction.” (286 NY, at pp 508-509.) While that case might be distinguished from the one before us because of the attempt there to have the State court review directly an action of a Federal officer, subsequent decisions in which reliance was placed upon the rationale of Schmoll are more apposite. For example, Wasservogel v Meyerowitz (300 NY 125) involved four summary proceedings to evict tenants for nonpayment of rent. The tenants resisted eviction upon the ground that retroactive rent increases allowed by orders of the Federal Office of Rent Control were improper. This court, in holding that the landlords were entitled to the relief which they sought, noted that "the laws of this State, under the Schmoll case and its predecessors, is and was that our State courts have no jurisdiction to review Federal administration orders.” (300 NY, at p 134.) There, the tenants also asserted that, unlike the importer in Schmoll, they had no other forum in which to challenge the Federal agency action, claiming that the rent increase must be contested in the State courts or not at all. Significantly, the court did not find that the absence of other review overcame, the lack of subject matter jurisdiction, stating that "[t]he courts of this State have never afforded, and do not now afford, any such remedies, whatever the result may be as to preventing suitors from reviewing the acts of Federal officers or agencies” (at p 134).
Fieger v Glen Oaks Vil. (309 NY 527) involved the same *932 Federal agency, the FHA, as in the case now before us. In Fieger, certain tenants complained that their landlords, by committing various kinds of wrongs, were able to procure the FHA to insure mortgage loans in excessive amounts, with the result that the rent schedules approved by FHA authorities for these tenants were greatly in excess of reasonable rentals. In affirming a dismissal of the complaint, this court stated that, even assuming that the FHA’s statutory power to fix maximum rents was for the benefit of tenants, under Schmoll and Wasservogel the State courts had no power to review the FHA determination for the reason that "[s]uch a determination of the F.H.A. authorities represents Federal governmental action by authorized Federal officers” (at p 533).
This is not to say that in every case where Federal administrative action is in some way involved the State courts are deprived of subject matter jurisdiction. For example, in Nothridge Coop. Section No. 1 v 32nd Ave. Constr. Corp. (2 NY2d 514), actions were brought by co-operative corporations after their control had been acquired by tenant-owners, against officers and directors who had held office when the lands were acquired and the buildings constructed. The tenants alleged various acts of misconduct by the former officers and directors, such as erecting the co-operative apartment house upon land leased at excessive ground rental from another corporation owned and controlled by themselves, letting building contracts at excessive cost to corporations likewise owned and controlled by themselves, altering the plans and specifications while the work was in progress so as to cheapen the apartments which the tenants had contracted to acquire, and other breaches of trust. This court rejected the defendants’ contention that FHA approval of the loan on the co-operative apartment house gave plenary absolution to whatever breaches of fiduciary obligation may have been committed. Instead the court held that the scope of the FHA’s function in this context in no way conflicted with the jurisdiction of the State court which was being invoked, and that the "equitable jurisdiction of the State courts to enforce fiduciary obligations of directors and promoters is interwoven into State corporation law and was not intended to be pre-empted by the National Housing Act” (at pp 531-532). Still, the court was careful to point out that the case before it was "not being maintained in derogation of any official act which the Federal Housing Administrator has performed that is binding on these parties” (at p 532).
*933 Although other cases holding that our State courts lack subject matter jurisdiction to review, even in an indirect manner, Federal administrative action could be analyzed at length (e.g., Franconia Vil. Coop, v Lincoln Sav. Bank of Brooklyn, 22 AD2d 402; Rubel v Linden Towers Coop. No. 6, 39 Misc 2d 620), further argument should not be required to demonstrate that our courts do not have jurisdiction of the subject of this action.
In sum, then, since the prosecution of the lawsuit would necessarily call into question the correctness of the FHA Commissioner’s 1964 determination, made under the authority of Federal statute and regulation, our State courts are not empowered to review such authorized Federal determinations. Inasmuch as the plaintiffs did seek FHA assistance in their wage-rate dispute, resulting in a determination by the FHA Commissioner as to their "proper compensation”, it is unnecessary to decide whether aggrieved employees who had neither sought nor received an FHA determination would be entitled to maintain a private action by an extension of our rationale in Filardo v Foley Bros. (297 NY 217, revd on other grounds 336 US 281, supra).
Accordingly, I would reverse.